IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Carolyn R. Holcombe, ) | Civil Action No. 6:08-0604-WMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| Wal-Mart Supercenter Store #2265, ) | |
| Defendant. ) | |

This matter is before the court on the defendant's motion to exclude (doc. 39) and motion to quash deposition notice (doc. 43). The case was referred to this court for disposition on October 22, 2008, upon consent of the parties pursuant to Title 28, United States Code, Section 636(c), and Local Rule 73.01(B), DSC, by order of The Honorable G. Ross Anderson, Jr., United States District Judge. In her complaint, the plaintiff alleges that she was injured while shopping at Wal-Mart as a result of the defendant's employee's negligence.

Under the scheduling order in this case, the deadline for identifying all experts to be presented at trial was May 14, 2008, and discovery was to be completed by August 12, 2008, unless extended by agreement of the parties. The defendant states the parties had no such agreement. Pretrial disclosures were due by October 3, 2008. The instant action is set for jury trial on December 8, 2008.

On October 16, 2008, the plaintiff filed her pretrial disclosures. In the motion to exclude, the defendant has moved the court to "refuse to permit Plaintiff to offer into evidence any testimony or documents not identified in a timely fashion in its pre-trial disclosures . . . ."

In her pretrial disclosures filed on October 16, 2008, the plaintiff identified Charles B. Thomas, M.D., her treating orthopaedic surgeon, as a witness whose testimony would be presented by deposition at trial. By letter dated October 27, 2008, the plaintiff's counsel served the defendant with a Notice of Video Deposition of Dr. Thomas. In her Rule 26.03 answers to interrogatories, which were filed on October 31, 2008, the plaintiff identified Dr. Thomas as an expert witness. The deposition is scheduled for November 6, 2008. At the time of filing of this order, the plaintiff's response to the motions had not been filed.

Based upon the foregoing, the defendant's motion to quash the notice of video deposition of Dr. Thomas (doc. 43) is denied. However, the plaintiff's counsel must pay the reasonable attorneys fees of defense counsel's attendance at the deposition. Further, the defendant's motion to preclude the plaintiff from offering any evidence into the record at trial (doc. 39) is denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

November 3, 2008

Greenville, South Carolina